F. M. COOK v. GUIRKIN & CO.

*Action to Cancel Note—Trial—Issue—Verdict of Jury —Meaning of.*

In the trial of an action brought by plaintiff to restrain the sale of lands under a mortgage securing a note and for cancellation of the note, the allegation was that the note had been paid by the proceeds of the sale of bonds lodged with the defendants as collateral for the note and other indebtedness and that there was a balance due the plaintiff after the payment of all his indebtedness. The answer denied that plaintiff's note had been paid except to the extent of a small amount for which credit had been given and the defendants had accounted to plaintiff for the bonds held as collateral. The issues submitted were, "Has the note of $464.60 described in the complaint been paid?" and "what amount is due plaintiff from defendant?" The jury found that the note had not been paid and that the defendants owed the plaintiffs a certain sum. *Held*, that the response to the second issue could mean nothing else than that the amount was due as a balance, principal and interest, by the defendants to the plaintiff on the day of trial after the payment of the other debts for which the bonds were hypothecated and judgment was properly rendered in favor of the defendants for the difference between the amount of the notes, principal and interest on the day of trial, and the amount due by defendants to plaintiff as found by the jury.

CIVIL ACTION tried before *Bryan, J.,* and a Jury at Spring Term, 1897, of PASQUOTANK Superior Court. There

121—3

was judgment for the defendants and plaintiff appealed. The facts appear in the opinion of the Court.

*Messrs. E. F. Aydlett* and *G. W. Ward,* for plaintiff (appellant).

No counsel *contra.*

MONTGOMERY, J.: The plaintiff, in his complaint for first cause of action, alleged that the defendants were about to have sold through the trustee, a tract of land under the power contained in a deed of trust made by him and his wife to C. Guirkin to secure plaintiff's note of $464.60 payable to the defendants, notwithstanding that the note had been paid in full by the plaintiff to the defendants. The plaintiff for a second cause of action alleged that he had placed in the hands of the defendants County Bonds with coupons attached of the value of more than $1,500, as a collateral security for his note, and other matters; that the defendants had collected the money on the bonds and coupons but had failed to account with him for the same, and that they owed him $500, as a balance, after all the indebtedness for which the bonds had been hypothecated had been paid. The prayer of the plaintiff was—

1. That the defendants be restrained from having a sale made of his property by the trustee.

2. For an account.

3. For the cancellation of his note and mortgage.

4. For $500, or whatever amount should be found due plaintiff, and interest on the same.

The defendants in their answer deny that payment of the plaintiff's note to them had been made, except to the amount of $27.78 on December 31, 1888, and they aver that they had accounted with the plaintiff for the County Bonds and coupons placed in their hands by the plaintiff, and that they owed him nothing on that account. The issues were—

COOK *v.* GUIRKIN.

1. Has the note of $464.60, described in the complaint been paid?

2. What amount is due plaintiff from defendant?

The last issue is not as clear as it might have been made but, when read carefully in connection with the pleadings, appears clear. The two matters to be settled between the parties, were, first, had the plaintiff's note to the defendants been paid? Second, What, if anything, did the defendants owe the plaintiff on account of the collection of the plaintiff's County Bonds and coupons? The jury found that the note of the plaintiff to the defendants had not been paid, and that the defendants owed the plaintiff $484. Upon the pleadings the response to the second issue could mean nothing else than that the amount was due as a balance, principal and interest, by the defendants to the plaintiff on the day of trial, after the payment of the debts for which the County Bonds had been hypothecated. It could not, as the plaintiff's counsel contended here, mean that the amount was due when the County Bonds and coupons were collected by the defendants. It must be presumed that the verdict of the jury spoke as of the day of trial.

The difference, then, between the amount of the note, principal and interest, on the day of the trial and $484, the amount due by defendants to plaintiff as found by the jury, is the amount to which the defendants are entitled to judgment, and for which amount His Honor rendered the judgment.

No error.